# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2021

Lyle W. Cayce
Clerk

No. 19-40725
Summary Calendar

Tony Lamar Vann,

*Plaintiff—Appellant*,

*versus*

Ken Paxton, *Attorney General of the State of Texas*; Melenie Wiesman, *Felony Prosecutor, Collin County, TX*; Ashley Kells, *Chief Felony Prosecutor, Collin County, TX*; Richard Chambers, *Wylie Police Department*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-570

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Tony Lamar Vann moves for leave to proceed in forma pauperis (IFP) in this appeal challenging the district court's orders dismissing his 42 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

§ 1983 suit and denying his Federal Rule of Civil Procedure 59(e) motion. He argues that the district court erred by failing to rule upon certain pleadings which, he asserts, remain pending. By moving to proceed IFP in this court, Vann challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As Vann does not substantively challenge the dismissal of his claims on the grounds identified by the district court, he has abandoned any such challenge. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The district court, in its order of dismissal, explicitly denied all relief that it had not granted, and, in any event, the pleadings cited by Vann raise no issues of arguable merit; accordingly, Vann fails to identify a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Vann's motions to proceed IFP and for appointment of counsel are DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.